Argued and submitted January 31, probation revocations affirmed; remanded for entry of corrected judgment March 8, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWARD H. STOKES,
*Appellant.*

## (C92-10-35905; CA A83172)

891 P2d 13

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant appeals the sentence imposed after his probation was revoked. We remand for entry of a corrected judgment.

Defendant pleaded no contest to two counts of attempted sexual abuse in the first degree. ORS 163.427. The parties stipulated that the applicable gridblock was 6-B, which has a presumptive prison sentence of 19-24 months. The sentencing court found substantial and compelling reasons to impose a downward dispositional departure to probation on both convictions, and that consecutive sentences could be imposed under ORS 137.123. It imposed a sentence of two consecutive five-year probation terms with conditions, one of which was that defendant successfully complete a sex offender's program at Oregon State Hospital.[1] Defendant was terminated from that program because he was found "not amenable to treatment." The court then revoked defendant's probation and sentenced him to two prison terms of 24 months each, to be served consecutively.

■    Defendant appeals from the consecutive sentences. The state first argues that we may not review the merits of defendant's claim, because ORS 138.222(2)(a) precludes review of "[a]ny sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board." The state is correct that the 24-month terms are within gridblock 6-B. However, defendant does not challenge those presumptive terms. His challenge to the requirement is that those terms be served consecutively. We conclude that defendant's appeal comes within ORS 138.222-(4)(a), as a claim that the sentencing court failed to comply with requirements of law in imposing sentence. *See State v. Kephart*, 320 Or 433, 445, 887 P2d 774 (1994).

■    We turn to the merits. Defendant argues that, under OAR 253-12-040(2), the court could not impose consecutive terms when it revoked his probation. The state argues that the guidelines recognize the court's statutory authority to impose consecutive sentences. OAR 253-12-010 provides:

---

[1] We affirmed without opinion defendant's appeal from that sentence. *State v. Stokes*, 128 Or App 696, 877 P2d 678 (1994).

> "When multiple convictions have been entered against a single defendant, the sentencing judge may impose consecutive or concurrent sentences as provided in ORS 137.122, 137.123 and 137.370."

Therefore, the state contends, ORS 137.123 controls and gave the court the authority to impose consecutive sentences here.

The difficulty with the state's position is that, under sentencing guidelines, the requirements for imposition of the initial sentence are not the same as the requirements for imposing sanctions when probation is revoked. Under OAR 253-12-010 and ORS 137.123, the court had the authority to impose consecutive sentences in the first instance. It did so when it imposed consecutive probationary terms as dispositional departure *sentences*. *See* OAR 253-08-001; OAR 253-03-001(5), (6). Under OAR 253-10-001, the court had the discretion to revoke those probationary sentences. On doing so, however, the court did not have the discretion to impose *revocation sanctions* other than those provided by the guideline rules.[2] *See State v. Guyton*, 126 Or App 143, 868 P2d 1335, *rev den* 319 Or 36 (1994).

OAR 253-10-002(2) provides:

> "For those offenders whose probationary sentence was * * * a departure from a presumptive prison sentence * * *, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially."

Under that rule alone, the court had discretion to impose up to the maximum presumptive term for revocation of the probationary sentence. However, defendant here was serving more than one probationary term, and the court's authority to impose consecutive revocation sanction terms is subject to OAR 253-12-040(2):

---

[2] The rationale behind that policy is reflected in the commentary to OAR 253-10-001:

"As stated in OAR 253-02-001, a principal objective of sentencing guidelines in allocating available prison resources is to provide adequate space as a sanction for probation revocation. Achieving that objective, however, requires the prudent use of revocation, and the careful consideration in every case of other sanctions in lieu of revocation." *Oregon Sentencing Guidelines Implementation Manual* 169 (1989).

"When an offender is serving multiple terms of probationary supervision, the sentencing judge may impose revocation sanctions for supervision violations as provided by OAR 253-10-002 for the violation of each separate term of probationary supervision.

"(a)   If more than one term of probationary supervision is revoked *for a single supervision violation*, the sentencing judge shall impose the prison term sanctions *concurrently*." (Emphasis supplied.)

The court found:

"[Defendant] was on [probation] on each of these counts, for purposes of this conviction only, a 6-B, and I have previously found the violation, and it is, as counsel's pointed out, the single ground that he is not currently amenable to treatment."

Because the court found one violation, under OAR 253-12-040(2), the revocation sanctions had to be imposed concurrently.

The imposition of consecutive terms requires a remand. However, the sentencing court has imposed the maximum prison terms available under OAR 253-10-002, and OAR 253-12-040 requires those terms be served concurrently. Defendant need not be present for entry of a corrected judgment. *State v. Bivens*, 127 Or App 83, 871 P2d 486, *rev den* 319 Or 149 (1994). We remand for entry of a corrected judgment deleting the consecutive prison terms and imposing concurrent prison terms on the revocations of probation.

Probation revocations affirmed; remanded for entry of corrected judgment.