Argued and submitted May 23, reversed and remanded for entry of corrected judgment June 14, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## TY EL JERUE,
*Appellant.*

## (CR93-103; CA A87093)

896 P2d 613

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. On the brief were Sally L. Avera, Public Defender, and Irene B. Taylor, Deputy Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Landau and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant pled guilty to third degree rape and was sentenced under gridblock 6G to a presumptive probation sentence. The trial court revoked defendant's probation after he admitted to violating one of its conditions. Over defendant's objection, the court imposed an 18-month prison sentence as a "dispositional departure."

OAR 253-10-002 provides:

"(1) For those offenders *whose presumptive sentence was probation*, the sentence upon revocation shall be a prison term up to *a maximum of six months*.

"* * * * *

"(4) *No revocation sanction may exceed the limitations established by this rule*." (Emphasis supplied.)

Defendant contends that OAR 253-10-002 limits the trial court to imposing a maximum prison term of six months. He is correct. Under the sentencing guidelines, the requirements for imposition of an initial sentence are not the same as the requirements for imposing sanctions when probation is revoked. *State v. Stokes*, 133 Or App 355, 358, 891 P2d 13 (1995). The court had no discretion to impose revocation sanctions other than those provided by the guidelines. *Id.*

The state contends that the case should be remanded for resentencing. We disagree. As of June 12, 1995, defendant will have served the maximum of six months allowed under OAR 235-10-002.

Reversed and remanded for entry of a corrected judgment.