Argued and submitted August 31, remanded in part; otherwise affirmed
October 25, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH FRANCIS CURTISS,
*Appellant.*

(91-11-34529; CA A87369)

904 P2d 198

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Defendant appeals from a judgment revoking his probation and imposing a revocation sanction. We remand for entry of a corrected judgment.

Defendant was convicted of unauthorized use of a motor vehicle, failure to perform the duties of a driver and driving under the influence of intoxicants. ORS 164.135; ORS 811.700; ORS 813.010. For the unauthorized use of a motor vehicle conviction, which fell within grid block 3-G, the court issued an upward departure sentence of 36 months of probation. Defendant's probation was later revoked after he admitted to violating his probation conditions. Without an objection from defendant, the court sentenced him to six months of imprisonment and 18 months of post-prison supervision.

■ On appeal, defendant assigns error to the court's imposition of an 18-month term of post-prison supervision. He argues that the correct term of post-prison supervision upon probation revocation is 12 months. *See* OAR 253-05-002(2)(a) (setting duration of post-prison supervision at 12 months for crime categories 1-3). The state concedes that defendant is correct, but urges us not to review defendant's claim because he failed to object to the length of the post-prison supervision term at the time of sentencing. ORAP 5.45(2).

■ Because the sentencing error is apparent on the face of the record and, for the reasons expressed in *State v. Jones*, 129 Or App 413, 879 P2d 881 (1994), we exercise our discretion to review the unpreserved claim of error. *See State v. Noble*, 135 Or App 381, 896 P2d 617 (1995) (reviewing unpreserved sentencing error). Defendant is correct that, under the sentencing guidelines, the maximum term of post-prison supervision that could have been imposed is 12 months. OAR 253-05-002(2)(a); OAR 253-10-002(3). The court does not have discretion to impose revocation sanctions other than those provided by the guidelines. *State v. Stokes*, 133 Or App 355, 358, 891 P2d 13 (1995).

We remand for entry of a corrected judgment deleting the 18-month term of post-prison supervision and imposing a 12-month term.

Remanded for entry of corrected judgment; otherwise affirmed.