Argued and submitted January 30, in Case Number 09P50711, affirmed, in Case Number 10P3043, reversed and remanded for further proceedings July 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW TODD LEWIS,
*Defendant-Appellant.*

Polk County Circuit Court
09P50711, 10P3043;
A148650 (Control), A148651

307 P3d 560

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Defendant appeals the trial court's probation revocation judgments in two cases: Case Number 09P50711 (A148651) and Case Number 10P3043 (A148650). On appeal, defendant raises a single assignment of error, which relates only to Case Number 10P3043. Specifically, defendant assigns error to the trial court's imposition of consecutive revocation sanctions in that case. He argues that, because the sanctions were based on a single probation violation, OAR 213-012-0040(2) required the court to impose concurrent sanctions. For the reasons explained below, we agree. Accordingly, in Case Number 09P50711, which is not the subject of defendant's assignment of error, we affirm, and in Case Number 10P3043, we reverse and remand for further proceedings.

The relevant facts are procedural.[1] Pursuant to a plea agreement with the district attorney, defendant pleaded guilty to three felony drug offenses (Counts 1, 2, and 4) and one misdemeanor drug offense (Count 6).[2] On each of Counts 1, 2, and 4, the trial court imposed a downward dispositional departure from the presumptive prison sentence and placed defendant on supervised probation for five years. On Count 6, the court sentenced defendant to 120 days in jail.

More than a year later, the trial court issued an order for defendant to show cause why his probation terms on Counts 1, 2, and 4 should not be revoked. At the subsequent show-cause hearing, defendant admitted that he had violated the conditions of his probation terms by using marijuana. Thereafter, the court revoked each of defendant's probation terms and imposed incarceration sanctions. On Count 1, the court imposed 24 months of incarceration. On Count 2, the court imposed 23 months of incarceration, to be served consecutively to Count 1. On Count 4, the court imposed 25

---

[1] Because defendant's assignment of error relates only to Case Number 10P3043, we limit our discussion to the relevant facts of that case.

[2] Defendant was convicted of two counts of delivering marijuana within 1000 feet of a school, ORS 475.862 (Counts 1 and 2); one count of manufacture or delivery of a Schedule I controlled substance, *former* ORS 475.840(1)(a) (2009), *renumbered as* ORS 475.752 (2011) (Count 4); and frequenting a place where controlled substances are used, ORS 167.222 (Count 6). Defendant's sentences and probation sanctions on Counts 1, 2, and 4 are subject to the felony sentencing guidelines.

months of incarceration, to be served concurrently with Count 1.

On appeal, defendant argues, as he did in the trial court, that, because he committed only one probation violation, the court could not impose consecutive incarceration sanctions. Therefore, defendant argues, the court erred in making the incarceration sanction on Count 2 consecutive to that on Count 1.

Whether a sentencing court exceeded its authority in imposing consecutive sanctions for probation violations is a question of law, which we review for errors of law. *State v. Stokes*, 133 Or App 355, 357-58, 891 P2d 13 (1995). A court may revoke an offender's probation "upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity." OAR 213-010-0001. When an offender has been sentenced to multiple terms of post-prison supervision or is serving multiple terms of probationary supervision at the time of a violation, OAR 213-012-0040 governs a court's authority to impose revocation sanctions. That rule provides:

"(1) If the offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term. The maximum sanction for a post-prison supervision violation in such a case shall be limited as provided by OAR 213-011-0004 for a single term of post-prison supervision.

"(2) When an offender is serving multiple terms of probationary supervision, the sentencing judge may impose revocation sanctions for supervision violations as provided by OAR 213-010-0002 for the violation of each separate term of probationary supervision.

"(a) *If more than one term of probationary supervision is revoked for a single supervision violation, the sentencing judge shall impose the incarceration sanctions concurrently.*

"(b) If more than one term of probationary supervision is revoked for separate supervision violations, the sentencing judge may impose the incarceration sanctions concurrently or consecutively."

(Emphasis added.)

Thus, under OAR 213-012-0040(2), if an offender is serving multiple terms of probationary supervision and the offender commits a single probation violation, the sentencing judge may impose revocation sanctions for the violation of each separate term of probationary supervision. However, if the judge revokes more than one term of probationary supervision for a single violation, the judge must impose the incarceration sanctions concurrently.

We interpreted that administrative rule in the same manner in *Stokes*, 133 Or App at 358-59.[3] In *Stokes*, the defendant was serving two terms of probationary supervision. Following a show-cause hearing, the trial court found a single probation violation, revoked both probation terms, and imposed consecutive incarceration sanctions. The defendant appealed, arguing that the sanctions should have been concurrent, not consecutive. We agreed with the defendant, concluding that "because the court found one violation, under OAR 253-12-040(2) [(9/1/1989)], the revocation sanctions had to be imposed concurrently." *Stokes*, 133 Or App at 359.

Here, defendant was serving multiple terms of probationary supervision when he committed the single probation violation. The trial court revoked defendant's probation terms and made the incarceration sanction on Count 2 consecutive to that on Count 1. That was error. Because defendant committed a single probation violation, the court was required to "impose the incarceration sanctions concurrently." OAR 213-012-0040(2)(a); *Stokes*, 133 Or App at 359.

The state has two principal arguments as to why OAR 213-012-0040(2) and *Stokes* do not control this case. First, the state argues that defendant stipulated to the imposition of consecutive revocation sanctions. According to the state, "an integral part of the parties' plea agreement * * * was an understanding that if [defendant] committed 'any violation of his probation' the court would impose consecutive sentences that could total up to 71 to 74 months."

---

[3] In *Stokes*, we interpreted *former* OAR 253-12-040(2) (9/1/1989), *renumbered as* OAR 213-012-0040(2) (3/8/1996). Despite the renumbering, the relevant text of OAR 213-012-0040(2) is identical to the text we interpreted in *Stokes*.

The state points to the following language from the state's plea offer:

> "1.  In 10P3043, the defendant will plead guilty to Counts 1, 2, 4, and 6. He will agree that Counts 1, 2, and 4 are all separate acts that move him across the grid and *warrant consecutive sentences.*
>
> "* * * * *
>
> "3.  In 10P3043, the State will agree to dispositional departures to probation on each of the felony counts. Probation will be 5 years. *Any violation of his probation, especially one that involves the use or possession of alcohol or controlled substances will result in the State seeking revocation and imposition of consecutive prison sentences."*

(Emphases added.)

The state puts more weight on the language of the plea agreement than it can bear. Paragraph 1 of the agreement provides that Counts 1, 2, and 4 are separate acts that "warrant" consecutive sentences. That does not mean that defendant agreed to consecutive sentences. As the circuit court correctly noted, "[The plea offer] doesn't say that [defendant] agreed to them, but it warranted them." Paragraph 3 of the agreement states that, if defendant violates his probation, the state will *seek* revocation of probation and the imposition of consecutive prison sentences. The fact that the state will seek a result does not mean that defendant agreed to that result; indeed, it suggests that he did not, because it describes what the state will attempt to obtain, not what it will necessarily obtain. Thus, we conclude that, contrary to the state's argument, defendant did not stipulate to the imposition of consecutive incarceration sanctions.

Second, the state argues that, pursuant to *State v. Miller*, 317 Or 297, 302-07, 855 P2d 1093 (1993), which interpreted *former* OAR 253-012-0020 (9/1/1989), *renumbered as* OAR 213-12-020(2) (3/8/1996), "this court should construe OAR 213-012-0040(2) to not apply to consecutive sentences imposed on separate convictions based on crimes that the defendant committed during different criminal episodes." That argument is unavailing. The rule at issue in *Miller*, OAR 213-012-0020(2), governs the court's authority when imposing a defendant's initial sentence, whereas

the rule at issue in *Stokes* and in this case, OAR 213-012-0040(2), governs the court's authority when a defendant is serving multiple terms of post-prison supervision or probationary supervision and commits a single violation of those supervisions. The court's authority in the prior circumstance differs from its authority in the latter circumstance. *Stokes*, 133 Or App at 358 ("[T]he requirements for imposition of the initial sentence are not the same as the requirements for imposing sanctions when probation is revoked.").

In sum, we conclude that, because defendant committed only one probation violation, OAR 213-012-0040(2) precluded the circuit court from imposing consecutive incarceration sanctions. Therefore, the court erred in making the incarceration sanction on Count 2 consecutive to that on Count 1.

In Case Number 09P50711, affirmed. In Case Number 10P3043, reversed and remanded for further proceedings.