Argued and submitted January 30, reversed and remanded for further proceedings July 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUSTIN CALLAHAN BRAND,
*Defendant-Appellant.*

Polk County Circuit Court
09P3143; A148891

307 P3d 525

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

Defendant appeals the trial court's judgment revoking the terms of his probationary supervision and imposing consecutive incarceration sanctions. He argues that, because he committed a single probation violation, the court was required, by OAR 213-012-0040(2), to impose concurrent sanctions. We agree and, therefore, we reverse and remand for further proceedings.

The relevant facts are procedural. On September 24, 2009, pursuant to a plea agreement, defendant pleaded guilty to Counts 1 and 2, unlawful delivery of a controlled substance to a minor, ORS 465.906, and Count 4 of the indictment, sexual abuse in the second degree, ORS 163.425. Counts 1 and 2 were based on incidents in which defendant delivered controlled substances to two different minors. As provided by the plea agreement, the court imposed downward dispositional departure sentences on Counts 1 and 2 and a downward durational departure sentence on Count 4. On Counts 1 and 2, the court imposed 60 months' probation, subject to general and special conditions, including a condition forbidding defendant from consuming alcohol. On Count 4, the court imposed 10 months' incarceration and 36 months' post-prison supervision.

On March 23, 2011, police arrested defendant for an incident in a store; defendant's blood alcohol content was 0.15 percent. The court granted the state's motions for an arrest warrant and an order to show cause why defendant's probation should not be revoked. At the subsequent probation violation hearing, defendant admitted that he had violated the conditions of his probation by consuming alcohol. The court accepted defendant's admission, revoked defendant's probation, and imposed consecutive incarceration sanctions of 27 months on Count 1 and 29 months on Count 2. Defendant objected, contending that the court could not impose consecutive incarceration sanctions because there was "only one violation, which was the use of alcohol." The state made no argument. The court overruled defendant's objection, stating, with respect to the victims of Counts 1 and 2, "They're two different minors; two different girls."

On appeal, defendant renews his argument that the court erred in imposing consecutive incarceration sanctions after finding only one probation violation. Whether a sentencing court exceeded its authority in imposing consecutive incarceration sanctions for probation violations is a question of law, which we review for errors of law. *State v. Stokes*, 133 Or App 355, 357-58, 891 P2d 13 (1995).

We begin with an overview of the relevant rule. When an offender is sentenced to multiple terms of post-prison supervision or is serving multiple terms of probationary supervision at the time of a violation, OAR 213-012-0040 governs the court's authority to impose revocation sanctions. That rule provides:

"(1) If the offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term. The maximum sanction for a post-prison supervision violation in such a case shall be limited as provided by OAR 213-011-0004 for a single term of post-prison supervision.

"(2) When an offender is serving multiple terms of probationary supervision, the sentencing judge may impose revocation sanctions for supervision violations as provided by OAR 213-010-0002 for the violation of each separate term of probationary supervision.

"(a) *If more than one term of probationary supervision is revoked for a single supervision violation, the sentencing judge shall impose the incarceration sanctions concurrently.*

"(b) If more than one term of probationary supervision is revoked for separate supervision violations, the sentencing judge may impose the incarceration sanctions concurrently or consecutively."

(Emphasis added.)

Thus, as we explain in *State v. Lewis*, 257 Or App 641, 644, 307 P3d 560 (2013):

"[I]f an offender is serving multiple terms of probationary supervision and the offender commits a single probation violation, the sentencing judge may impose revocation sanctions for the violation of each separate term of probationary supervision. However, if the judge revokes more than one term of probationary supervision for a single

violation, the judge must impose the incarceration sanctions concurrently."

*See also Stokes*, 139 Or App at 359 (holding that, because the sentencing court found only one probation violation, the court was required to impose the revocation sanctions concurrently under *former* OAR 253-12-040(2) (9/1/1989), *renumbered as* OAR 213-012-0040(2) (3/8/1996)).

The state argues that OAR 213-012-0040(2)(a) does not prohibit the imposition of consecutive sanctions in this case for two reasons. First, the state asserts, in a footnote, "It is the state's position that the limitation in OAR 213-012-0040(2)(a) applies only to revocation sanctions imposed on multiple convictions entered in the same case that are based on crimes that the defendant committed during a single criminal episode." However, the state does not point to anything in the text of OAR 213-012-0040(2)(a) that supports its proffered interpretation.[1] We therefore reject the state's argument without further discussion.

Second, the state argues, for the first time on appeal, that, even if OAR 213-012-0040(2)(a) prohibits the imposition of consecutive sanctions for a single probation violation, the trial court did not err in imposing consecutive sanctions in this case because, to the extent that OAR 213-012-0040(2)(a) prohibits the imposition of consecutive sanctions for crimes committed against different victims, it violates Article I, section 44(1)(b), of the Oregon Constitution, which provides:

"No law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims."

We decline, as a prudential matter, to address the state's constitutional claim. The state presents no argument as to why we should interpret "to *sentence*" in Article I, section 44, as encompassing "revocation *sanctions*" or "incarceration *sanctions*" under OAR 213-012-0040 (emphases added). *Cf. State v. Newell*, 238 Or App 385, 393-95, 242 P3d 709 (2010) (the imposition of probation revocation sanctions pursuant

---

[1] In addition, there is no indication in the record that Counts 1 and 2 were not part of the same criminal episode.

to OAR 213-012-0040(2) does not constitute the imposition of a "sentence" under ORS 137.123); *Stokes*, 133 Or App at 358 (noting different requirements for imposition of consecutive sentences under ORS 137.123 and for imposition of consecutive revocation sanctions under *former* OAR 253-12-040(2) (9/1/1989)). "[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003); *accord Badrick v. Farmers Ins. Co.*, 238 Or App 320, 328, 242 P3d 685 (2010) (declining to address potential alternative basis for affirmance because, *inter alia*, the argument was not made below and was made in a "cursory" fashion on appeal).

Pursuant to our decisions in *Lewis* and *Stokes*, we hold that, because the court found that defendant committed a single probation violation and revoked multiple terms of probationary supervision for that violation, OAR 213-012-0040(2)(a) required the court to impose the resulting incarceration sanctions concurrently.

Reversed and remanded for further proceedings.