Argued and submitted January 16, reversed and remanded December 9, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN WILLIAM RUSEN,
*Defendant-Appellant.*

Linn County Circuit Court
17CR12207; A168201

479 P3d 318

Pursuant to a plea agreement, defendant pleaded no contest to four counts of second-degree sexual abuse and was sentenced to probation. Defendant later violated his probation, and the trial court sentenced defendant to four consecutive terms of incarceration. On appeal, defendant contends that OAR 213-012-0040(2) requires concurrent probation-revocation terms where, as here, multiple terms of probation are revoked for a single violation. The state responds that ORS 138.105(9) precludes appellate review of defendant's sentence because it was the product of a stipulated sentencing agreement. *Held*: The trial court erred in imposing consecutive terms of incarceration. Defendant's agreement allowed the state to seek consecutive sentences, but it did not specifically agree to consecutive sentences as required for ORS 138.105(9) to preclude appellate review. Because multiple terms of defendant's probation were revoked based on a single violation, OAR 213-012-0040(2) required concurrent probation-revocation terms.

Reversed and remanded.

Thomas McHill, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Pursuant to a plea agreement, defendant pleaded no contest to four counts of second-degree sexual abuse and was sentenced to probation. Less than a year later, the trial court found defendant in violation of his probation, revoked his probation, and sentenced defendant to a term of incarceration on each count, sentences to be served consecutively, for a total of 106 months' incarceration. On appeal, defendant contends that OAR 213-012-0040(2) requires concurrent probation-revocation terms where, as here, multiple terms of probation are revoked for a single violation, and that the trial court therefore erred in imposing consecutive terms of incarceration. The state responds that ORS 138.105(9) precludes appellate review of defendant's claim of error because, in its view, defendant's sentence was the product of a "stipulated sentencing agreement" within the meaning of that statute. Alternatively, the state argues that we should affirm on the merits. We conclude that defendant's claim of error is reviewable and that the trial court erred under OAR 213-012-0040(2)(a) and applicable case law. Accordingly, we reverse and remand.

*Reviewability.* We start with the issue of whether ORS 138.105(9) precludes review of defendant's claim of sentencing error. That statute, enacted as part of the legislature's 2017 overhaul of the provisions governing criminal appeals, provides that "[t]he appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." ORS 138.105(9). As we explained in *State v. Davis-McCoy*, 300 Or App 326, 454 P3d 48 (2019), that statute preserved existing limitations on the reviewability of challenges to sentences (or parts of sentences) that resulted from stipulations between a defendant and the state. *Id*. at 328-30. And, as we explained in *State v. Silsby*, 282 Or App 104, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017), construing the statutory predecessor to ORS 138.105(9), the limits on reviewability applied when a "[sentence] was imposed pursuant to agreement [between the defendant and the state], it [was] a specific sentence, and the trial court imposed that agreed-upon specific sentence." *Id*. at 113; *see also Davis-McCoy*, 300 Or App at 329.

Here, the state points out that, at sentencing, defendant agreed that, if his probation were revoked, there would be the potential for consecutive sentences: The parties agreed that, upon revocation, the state could argue for consecutive sentences and defendant could argue for concurrent ones. According to the state, this means that defendant's consecutive sentences "result[ed] from a stipulated sentencing agreement" for purposes of ORS 138.105(9), because defendant agreed to the potential of such sentences. But, as explained, to qualify as the sort of stipulated sentence for which ORS 138.105(9) bars review, the agreed-to sentence must be a "specific" one. An agreement that the parties can argue for different sentences is not an agreement to a specific sentence. Defendant's claim of error is reviewable.

*Merits*. On the merits, defendant argues that the trial court's imposition of consecutive terms of incarceration was erroneous under OAR 213-012-0040(2)(a). That argument presents a question of law, which we review for legal error. *State v. Stokes*, 133 Or App 355, 357-58, 891 P2d 13 (1995).

OAR 213-012-0040(2)(a) states that, "[i]f more than one term of probationary supervision is revoked for a single supervision violation, the sentencing judge shall impose the incarceration sanctions concurrently." As we explained in *State v. Lewis*, 257 Or App 641, 307 P3d 560 (2013), that means that,

> "if an offender is serving multiple terms of probationary supervision and the offender commits a single probation violation, the sentencing judge may impose revocation sanctions for the violation of each separate term of probationary supervision. However, if the judge revokes more than one term of probationary supervision for a single violation, the judge must impose the incarceration sanctions concurrently."

*Id*. at 644; *see also Stokes*, 133 Or App at 359.

Here, relying on its understanding that defendant had agreed that he would be eligible for consecutive terms of incarceration upon revocation, the trial court imposed consecutive terms of incarceration without finding that defendant committed more than one violation of the terms

of supervision. Absent that finding, OAR 213-012-0040(2) barred the court from imposing consecutive terms of incarceration, and the court erred by doing so. *See Lewis*, 257 Or App at 645 (rejecting the state's contention that the defendant's agreement in the plea agreement to a provision that the state would seek consecutive terms of incarceration upon revocation of probation precluded the application of OAR 213-012-0040(2)).

The state asserts that we should affirm nevertheless. It argues that the record would support a finding that defendant committed more than one violation of the conditions of probation and also that the court retained the authority under ORS 137.123(2) to impose consecutive terms of incarceration notwithstanding OAR 213-012-0040(2)(a). The latter argument, as the state acknowledges, is foreclosed by our decisions in *Stokes*, and we are not persuaded by the state's contention that *Stokes* was wrongly decided. As for whether the trial court could have found on this record that defendant committed more than one violation of the terms of probation so as to allow for the imposition of consecutive terms of incarceration under OAR 213-012-0040(2)(b), that is a question for the trial court, sitting as factfinder, in the first instance. We reverse and remand for that reason.

Reversed and remanded.