Submitted September 23, 2019, affirmed June 23, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WENDY SUE THOMAS,
*Defendant-Appellant.*

Lake County Circuit Court
16CR41039; A167650

492 P3d 87

Defendant appeals from a supplemental judgment revoking her probation and imposing two consecutive periods of 25 months' incarceration as revocation sanctions. In a single assignment of error, defendant contends that the court plainly erred in imposing those sentences because OAR 213-012-0040(2) limits the imposition of consecutive probation revocation sanctions based upon a single supervision violation when the underlying crime involved only one victim. In response, the state first argues that defendant's assignment of error is unreviewable under ORS 138.105(9), which bars appellate review of "any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." The state also asserts that under *State v. Silsby*, 282 Or App 104, 110-13, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017), when a stipulated sentence is imposed pursuant to an agreement, and the court, in fact, imposes the sentence contemplated in the agreement, former ORS 138.222 (2015), renumbered as ORS 138.105(9) (2018), bars review. *Held*: The probation revocation sentence imposed in this case was unreviewable on appeal. The ultimate disposition, however, may be impacted by the Oregon Supreme Court decision in *State v. Rusen*, 307 Or App 759, 479 P3d 318 (2020), *rev allowed*, 368 Or 168 (2021).

Affirmed.

Robert F. Nichols, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

Defendant appeals from a supplemental judgment revoking her probation and imposing two consecutive periods of 25 months' incarceration as revocation sanctions. In a single assignment of error, defendant contends that the court plainly erred in imposing those sentences because OAR 213-012-0040(2) limits the imposition of consecutive probation revocation sanctions based upon a single supervision violation when the underlying crime involved only one victim. Defendant acknowledges that the claim of error is not preserved and that she, in fact, had stipulated to that consecutive-sentence order at the change-of-plea hearing. Defendant nonetheless urges us to exercise discretion to correct the error.

In response, the state first argues that defendant's assignment of error is unreviewable under ORS 138.105(9), which bars appellate review of "any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." The state also relies on *State v. Silsby*, 282 Or App 104, 110-13, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017), in which we concluded that, when a stipulated sentence is imposed pursuant to an agreement and the court, in fact, imposes the sentence contemplated in the agreement, *former* ORS 138.222 (2015), *renumbered as* ORS 138.105(9) (2018), bars review. Even if reviewable, the state argues that defendant's claim was invited, which, under *State v. Harris*, 362 Or 55, 67, 404 P3d 926 (2017), "is no basis for reversal."

We agree with the state that the probation revocation sentence imposed in this case is unreviewable on appeal. In *State v. Davis-McCoy*, 300 Or App 326, 328-30, 454 P3d 48 (2019), we held that ORS 138.105(9) preserved existing limitations on the reviewability of challenges to sentences (or parts of sentences) that resulted from stipulations between a defendant and the state. And, as we explained in *Silsby*, construing the statutory predecessor to ORS 138.105(9), the limits on reviewability applied when a "[sentence] was imposed pursuant to agreement [between the defendant and the state], it [was] a specific sentence, and the trial court imposed that agreed-upon specific sentence."

282 Or App at 113; *see also Davis-McCoy*, 300 Or App at 329.

We recently considered the applicability of ORS 138.105(9) in the context of an appeal from a probation revocation sentence in *State v. Rusen*, 307 Or App 759, 479 P3d 318 (2020), *rev allowed*, 368 Or 168 (2021). There, we found the issue reviewable, but only due to the nature of the agreement made in that case:

> "Here, the state points out that, at sentencing, defendant agreed that, if his probation were revoked, there would be the potential for consecutive sentences: The parties agreed that, upon revocation, the state could argue for consecutive sentences and defendant could argue for concurrent ones. According to the state, this means that defendant's consecutive sentences 'result[ed] from a stipulated sentencing agreement' for purposes of ORS 138.105(9), because defendant agreed to the potential of such sentences. But, as explained, to qualify as the sort of stipulated sentence for which ORS 138.105(9) bars review, the agreed-to sentence must be a 'specific' one. An agreement that the parties can argue for different sentences is not an agreement to a specific sentence. Defendant's claim of error is reviewable."

*Id.* at 761 (brackets in original).

Unlike *Rusen*, the agreement in this case was specific. During the entry of defendant's original plea, the court had the following colloquy:

> "THE COURT:   She's waiving arguments about consecutive sentences, okay? Thirty-six months' probation, supervised, no alcohol, marijuana or non-prescription drugs. Alcohol and drug testing, alcohol treatment—alcohol and drug treatment, the intensive supervision program, mental health, 60 days in jail concurrent. In the event of revocation 25 and 25 consecutive, is that correct?
>
> "[DEFENSE COUNSEL]:   Yes.
>
> "THE COURT:   Is that your agreement, Ms. Thomas? Is that your agreement?
>
> "THE DEFENDANT:   Yes, Your Honor."

Finally, the sentence imposed accurately reflected this stipulation, as the court orally recited:

"THE COURT:   Okay. I'll accept your pleas of guilty in Case Number 16CR41039, I'll accept each one. The grid block on Delivery is 8-E, the grid block on the Possession charge is 6-A, it's a downward departure from prison to probation, and she waives any argument—in the event of revocation it's 25 months on each and she waives any argument concerning consecutive sentences, they are to be consecutive. There's 36 months' probation on both, supervised. No alcohol, marijuana, non-prescription drugs, testing; there is treatment, it's in the intensive treatment court; you're also required to undertake mental health treatment.

"There's 60 days in jail, that is concurrent with the other charge. And again in the event of revocation it's 25 months on each count consecutive, for a total of 50 months, for 50 months."

We note, however, that the Oregon Supreme Court recently granted review in *Rusen*, apparently to address the scope of ORS 138.105(9). Its decision in *Rusen* will certainly affect the ultimate disposition in this case as well.

Affirmed.