Submitted June 2, affirmed July 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STANLEY T. WILSON II,
aka Stanley T. Wilson,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR38320, 18CR52852;
A172770 (Control), A172771

493 P3d 1129

Eric J. Bloch, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment that revoked his probation in Case No. 16CR38320, raising two assignments of error.[1] First, he argues that the court erred by finding that he willfully violated the terms of his probation by refusing a residential treatment placement. Defendant acknowledges that a trial court is not required to find that a defendant's probation violation was willful in order to revoke. *See State v. Gray*, 280 Or App 277, 279, 380 P3d 1082 (2016) ("Nothing in the text of ORS 137.540(6) requires the trial court to determine that a person willfully violated probation before revoking probation."). Nonetheless, he argues that the court's decision was based on an explicit finding of willfulness that is not supported by sufficient evidence in the record. Defendant did not preserve that contention, and, in light of *Gray*, has not persuaded us that the trial court plainly committed reversible error that we should exercise our discretion to correct.

In his second assignment, defendant argues that the trial court erred by imposing two revocation sanctions consecutively based on a finding of a single probation violation. *See State v. Stokes*, 133 Or App 355, 359, 891 P2d 13 (1995) (explaining that, under OAR 213-012-0040(2)(a), the trial court must impose revocation sanctions concurrently when it finds only one violation). Defendant acknowledges that he did not raise that issue below, but he argues that the error is plain in light of *Stokes*.

The state offers two responses. For one, the state argues that *Stokes* was wrongly decided. We recently rejected the same argument in a case that is now on review in the Supreme Court. *See State v. Rusen*, 307 Or App 759, 762, 479 P3d 318 (2020), *rev allowed*, 368 Or 168 (2021) ("[W]e are not persuaded by the state's contention that *Stokes* was wrongly decided."). We adhere to our conclusion in *Rusen*, pending the Supreme Court's decision in that case.

Alternatively, the state argues that defendant overlooks the Supreme Court's decision in *State v. Lane*, 357 Or

---

[1] This consolidated appeal also involves Case No. 18CR52852, but defendant advances no assignments of error related to that case.

619, 638-39, 355 P3d 914 (2015), which held that Article I, section 44(1)(b), of the Oregon Constitution "forecloses any other law from *limiting* a court's authority to impose [consecutive] sentencing where there are multiple victims." (Emphasis in original.) According to the state, the revocation sanctions in this case were imposed on counts of burglary and attempted burglary that involved two completely different dwellings. Defendant pleaded guilty to the charges and the record does not identify the crime victims, but the most plausible inference, according to the state, is that crimes directed at different dwellings involved different victims.

We agree with the state that, in light of *Lane* and the plausibility of the inference that the underlying charges involved separate victims, defendant has not demonstrated that the trial court plainly erred by imposing separate revocation sanctions for a single violation.

Affirmed.