Argued and submitted December 17, 2020, affirmed September 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA ROBERT ALLEY,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF160306, 17CR56586;
A171596 (Control), A171597

496 P3d 1120

Daniel J. Hill, Judge.

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated criminal appeal, defendant appeals probation-revocation judgments in Umatilla Circuit Court Case Nos. CF160306 and 17CR56586. He contends that the trial court erred when it ordered the probation revocation sanction in Case No. CF160306 to run consecutively to the probation revocation sanction in Case No. 17CR56586. We affirm because appellant did not preserve the contentions that he makes on appeal and because any error is not plain.

Defendant's probation was revoked in each case based on his failure to "[r]eport as required and abide by the direction of [his] supervising officer." The state argued that the probation sanctions should run consecutively because, in its view, defendant had, on two separate occasions, failed to report as directed. Defendant responded that the evidence did not establish two distinct acts of failing to report, precluding the imposition of consecutive sanctions. Taking a different tack from the parties, the trial court reasoned that the fact that the violation occurred in two separate cases meant that consecutive sanctions were authorized: "Both cases required him to report. Those are separate violations, even though they're concurrent in action that he needed to report, so they're separate violations from my determination here today." Defendant did not contest that line of reasoning in the trial court.

On appeal, though, he does. Defendant argues that the trial court erred by imposing consecutive sanctions, reasoning that OAR 213-012-0040(2), *State v. Stokes*, 133 Or App 355, 359, 891 P2d 13 (1995), and *State v. Brand*, 257 Or App 647, 307 P3d 525 (2013), precluded the imposition of consecutive sanctions because the court found only a single violation of the reporting requirement. In particular, defendant asserts that the trial court's determination that the violation of the same condition in separate cases allows for the imposition of consecutive sentences conflicts with *Brand*, pointing to our statement there rejecting the state's argument "'that the limitation in OAR 213-012-0040(2)(a) applies only to revocation sanctions entered in the same case that are based on crimes that the defendant committed

during a single criminal episode'" as contrary to the plain text of OAR 213-012-0040(2)(a). *Brand*, 257 Or App at 650.

In response, the state argues that the record supports a finding that defendant committed two distinct acts of failing to report and urges us to affirm on that basis. The state argues further that defendant never argued to the trial court that it could not impose consecutive sanctions for violations of the terms of probationary sentences imposed in separate cases and, thus, did not preserve his contention on appeal. The state notes that defendant has not requested that we review for plain error but argues that, in any event, it is not plain under our case law that OAR 213-012-0040 (2)(a) precludes the imposition of consecutive sanctions when probationary sentences are revoked in two distinct cases. The state observes that the cases on which defendant relies, including *Brand*, all involved the revocation of probationary sentences imposed within the same case and did not explicitly address whether OAR 213-012-0040(2)(a) bars the imposition of consecutive sanctions when the same conduct violates the terms of probationary sentences imposed in separate cases.

We reject the state's contention that we can affirm because the record supports a finding of two distinct violations. The trial court's explanation of its ruling reflects that it did not find two distinct violations of the failure to report requirement. Rather, it found that defendant's violations were separate because defendant violated a term of probation in two separate cases.

We agree, however, that defendant did not preserve his contention that OAR 213-012-0040(2)(a) precludes the imposition of consecutive sanctions when probationary sentences in two separate cases are revoked because of a single act that violates the terms of probation in each case. Although the trial court explained its reasoning, defendant never argued that it was erroneous, or presented the court with arguments resembling those on appeal. As a consequence, neither the court nor the state had a "fair opportunity" to address them below, rendering them unpreserved. *See State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013) (requirement of preservation is prudential and pragmatic

in nature and "ensure[s] that trial courts have an oppor-
tunity to understand and correct their own possible errors
and that the parties are not taken by surprise, misled, or
denied opportunities to meet an argument" (internal quota-
tion marks and citation omitted)).

Nor is this a case of plain error. As the state points
out, we have never addressed whether OAR 213-012-0040
(2)(a) precludes the imposition of consecutive revocation
sanctions when probation is revoked in two or more sepa-
rate cases based on a single act violating the terms of each
probationary sentence, and there are plausible arguments
that the rule does not operate in that way.

Affirmed.