Submitted May 4, affirmed June 8, petition for review denied October 20, 2022
(370 Or 404)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID WAYNE WHEELER,
*Defendant-Appellant.*

Lane County Circuit Court
201425078; A174860

511 P3d 1142

Charles M. Zennaché, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Pagán, Judge, and Armstrong, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a probation violation judgment, which revoked his probation and sentenced him to prison and post-prison supervision (PPS) on two counts of attempted sexual abuse in the first degree. *See* ORS 161.405 (defining attempt and the various attempt crime classifications); ORS 163.427 (defining sexual abuse in the first degree).[1] The trial court sentenced defendant to 51 months in prison and nine months of PPS on Count 1 and 13 months in prison and 47 months of PPS on Count 2. The trial court ordered that the sentence on Count 2 be served concurrently with the sentence on Count 1. Defendant contends that his aggregate sentence, including his time previously served on probation, was unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution and cruel and unusual punishment under the Eighth Amendment to the United States Constitution. As we briefly explain below, defendant's contention is unreviewable because he stipulated to his specific grid block classifications and now seeks review of that part of his sentence. We therefore affirm.

Defendant pleaded guilty to two counts of attempted first-degree sexual abuse. At the time of his plea, defendant and the state stipulated to specific grid block classifications under the felony sentencing guidelines for defendant's crimes. Defendant acknowledged the presumptive prison terms for those classifications, but the parties agreed that defendant would instead receive a dispositional departure from the presumptive prison terms to a 60-month term of supervised probation on both counts. The parties further agreed that, if defendant's probation were revoked, he would receive specific sentences, which were within the presumptive prison terms for the agreed upon grid blocks for his crimes. The parties agreed that defendant would receive a 55-month prison sentence and five months of PPS on Count 1 and a 13-month prison sentence and 47 months of PPS on Count 2. Both PPS terms represented the statutory maximum of PPS for a Class C felony, which is required by statute for defendant's specific crimes. *See* ORS 144.103(1); ORS 161.605(3).

---

[1] Both statutes have been amended since defendant's convictions, see Or Laws 2019, ch 635, § 15a and Or Laws 2021, ch 82, § 7, but those amendments are not relevant to our analysis in this case.

Approximately a week before the conclusion of defendant's 60-month probationary period, defendant violated probation. At the subsequent show-cause hearing, defendant admitted to two probation violations. The parties jointly agreed to extend defendant's probation for 12 months, which the court did. Later that evening and in the following days, defendant violated probation again. Defendant subsequently admitted to two violations. The court found that defendant violated probation and sentenced defendant within the range of the presumptive prison terms for the grid block classifications to which defendant had previously stipulated. As noted, the trial court sentenced defendant to 51 months of prison and nine months of PPS on Count 1[2] and 13 months of prison and 47 months of PPS on Count 2. Those sentences were imposed to be served concurrently.

Defendant contends that his aggregate sentence, which he contends includes the time he had already served in probation, is unconstitutionally disproportionate. ORS 138.105(9) provides that an "appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." As the Supreme Court recently explained, that statute precludes review only when two conditions are met:

> "First, the parties must have agreed to a specific sentence, or to a specific component that the court used to calculate the sentence—such as the grid block classification. Second, the bar applies to preclude review only of the part of the sentence on which the parties agreed."

*State v. Rusen*, 369 Or 677, 695-96, 509 P3d 628 (2022). The bar on reviewability applies only if "'certain specific stipulations, like those in ORS 135.407,[3] are made.'" *Id*. at 693 (quoting *State v. Kephart*, 320 Or 433, 446, 887 P2d 774 (1994)).

---

[2] The trial court reduced the prison time for Count 1 from the stipulated sentence by four months to 51 months and, correspondingly, increased the time of the agreed PPS term by four months to nine months. Defendant's prison sentence for Count 1 was still within the presumptive range for the grid block classification to which defendant and the state stipulated. Defendant's PPS term was in turn increased pursuant to ORS 144.103(1).

[3] ORS 135.407, among other things, sets forth different types of stipulated sentencing agreements, including stipulations to grid block classifications, specific sentences within the presumptive range provided by the grid block, and sentences outside the presumptive sentence range for the grid block.

That is what occurred here. Defendant stipulated with the state to specific grid block classifications. Defendant now challenges his total sentence, including the time he served on probation, as unconstitutional. But defendant stipulated with the state to that total, including to the potential consequence that he may violate probation within the probationary period and then still have to serve the stipulated prison and PPS sentence. Because defendant therefore is challenging a sentence "that result[ed] from a stipulated sentencing agreement" with the state, ORS 138.105(9), we cannot review the issue that defendant presents to us. *See State v. Thomas*, 312 Or App 527, 492 P3d 87 (2021) (concluding that the defendant's challenge to probation revocation sentence on appeal was not reviewable when specific sentence was the result of stipulation by the parties).

Affirmed.