152                 August 27, 2025                No. 781

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE LEE STEVENS,
*Defendant-Appellant.*

Malheur County Circuit Court
22CR47110; A183652

Erin K. Landis, Judge.

Submitted June 17, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction and sentence for first-degree theft, arguing that the trial court erred by applying the wrong crime-seriousness ranking to sentencing for that offense. Relying on ORS 138.105, the state responds that defendant stipulated to a sentencing grid block of 6A as part of a global plea agreement, that the sentence is within the presumptive range for that grid block, and that the assignment of error is, therefore, not reviewable. Defendant did not file a reply brief and has not addressed the provisions of ORS 138.105 that limit our review. We conclude that the sentence is unreviewable. *See* ORS 138.105(9) (providing that an "appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement"). Accordingly, we affirm.

Because the pertinent facts are undisputed and relatively few, we provide a short recitation for this nonprecedential memorandum opinion. Defendant was indicted for first-degree theft and two counts of first-degree criminal trespass. A conviction for first-degree theft is subject to a mandatory term of imprisonment under ORS 137.717. Defendant entered a negotiated global plea and sentencing agreement involving multiple charges and cases. As part of that global plea, defendant agreed, as relevant to the issues on appeal, to plead guilty to one count each in four separate cases—in this case to first-degree theft—and to stipulate to sentencing grid block 6A for that felony. For its part, the state agreed to stipulate to a downward dispositional departure of 36 months' supervised probation on that charge and to dismiss additional charges.

The plea and sentencing agreement also provided:

"I understand that the district attorney will not be bound by this agreement if I willfully fail to appear for sentencing or I willfully violate any condition of release pending sentencing."

Defendant failed to appear for sentencing. When a subsequent sentencing hearing was held, defendant argued that he should be sentenced based on grid block 2A, his "true" grid block, because he understood the state to be withdrawing

from the stipulated sentencing agreement. Defendant argued, as he does on appeal, that the state withdrawing its stipulation to a departure to probation also meant that he could withdraw his stipulation to the 6A grid block.

The trial court determined that the terms of the stipulated sentencing agreement showed that defendant had stipulated to the 6A grid block, and the terms did not permit him to withdraw his stipulation. As the court observed, the provision of the agreement that provides that the district attorney would no longer be bound by the sentencing agreement if defendant failed to appear for sentencing says nothing about defendant no longer being bound. In the context of the entire agreement, that term permits the state to argue for a sentence other than what had been agreed upon in the foreseeable event that defendant failed to appear for sentencing, and it does not serve to undo any other portions of the agreement.

To determine whether we may review defendant's assignment of error, we must determine whether defendant's stipulation to grid block 6A was "any part of a sentence resulting from a stipulated sentencing agreement." ORS 138.105(9). We conclude that it was, and that it is, therefore, unreviewable.

As we have previously explained, ORS 138.105(9)

"precludes review only when two conditions are met:

'First, the parties must have agreed to a specific sentence, or to a specific component that the court used to calculate the sentence—such as the grid block classification. Second, the bar applies to preclude review only of the part of the sentence on which the parties agreed.'

*State v. Rusen*, 369 Or 677, 695-96, 509 P3d 628 (2022). The bar on reviewability applies only if certain specific stipulations, like those in ORS 135.407, are made."

*State v. Wheeler*, 320 Or App 273, 275, 511 P3d 1142, *rev den*, 370 Or 404 (2022) (second set of internal quotation marks and citation omitted; footnote omitted).

Here, the component of the sentence being challenged is one that the parties agreed to, *viz.*, that defendant's

sentencing guidelines grid block would be 6A. That type of stipulation is one that is expressly identified in ORS 135.407(2) (providing that the "district attorney and the defendant may stipulate to the grid block classification").

In short, defendant's stipulation to the grid-block portion of his sentence makes that component unreviewable. And, because defendant challenges only the grid-block component of his sentence, the limit on review in ORS 138.105 provides a complete answer to defendant's argument on appeal.

Affirmed.