Argued and submitted September 11, affirmed October 16, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNEL SAPPRY JOHNSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CN04034, 17CN05100;
A166738 (Control), A166767

452 P3d 1080

Angel Lopez, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of punitive contempt for violating a no-contact order barring contact with J, and a judgment finding him in violation of the terms of his probation based on the same conduct. Although we agree with defendant that the trial court erred by admitting certain hearsay evidence over defendant's objection, we conclude that the error was harmless and affirm for that reason.

Defendant was subject to an order barring contact with J and precluding him from coming within 150 feet of her. Yet, police officers found him in a car with a female passenger who, when asked for her name, told them that she was J.

J herself did not testify at the contempt hearing. So, the prosecutor asked one of the investigating officers what the passenger had said when asked who she was. Over defendant's hearsay and confrontation objections, the trial court permitted the officer to testify that the passenger had identified herself as J, reasoning that it was a statement of identification that was not considered to be hearsay.

On appeal, defendant contends that that was error under the Oregon Evidence Code and the confrontation clauses of the state and federal constitutions.

As for the rules of evidence, OEC 801(4)(a)(C) declares out-of-court statements of identification to be "not hearsay" but only where "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement[.]" OEC 801(4)(a)(C). Here, because J did not testify at the hearing, her out-of-court statement of identification, which was undisputedly offered for its truth, was hearsay and not "not hearsay" under OEC 801(4)(a)(C). The trial court erred by overruling defendant's objection.

The state concedes the error but argues that it is harmless. The state points to the fact that the record contains other evidence that the passenger was J. The investigating officer testified that, after reviewing J's DMV photo, he was "absolutely" sure that J was the passenger in defendant's car. In addition, defendant's probation officer testified

that defendant, after his arrest, had contacted the probation officer and admitted to him that he had "screwed up" and had contact with J. And, in fact, in finding defendant in contempt and in violation of the terms of his probation, the trial court specifically noted that the "strongest evidence" against defendant was his own admission to his probation officer. Particularly given defendant's own admission that he was with J (and the trial court's express reliance on it), there is little likelihood that the erroneously admitted evidence affected the court's contempt determination or its probation-violation determination. *See State v. Dowty*, 299 Or App 762, 776-78, 452 P3d 983 (2019) (erroneous admission of the defendant's statements was not prejudicial, because other evidence was sufficient to support probation revocation); *State v. Homan*, 294 Or App 259, 262, 431 P3d 463 (2018), *rev den*, 364 Or 535 (2019) (error is harmless if there is little likelihood that it affected the verdict).

Affirmed.