Submitted October 4, affirmed October 30, 2019

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHRISTOFER MARK DAVIS-McCOY,
*Defendant-Appellant.*

### Jackson County Circuit Court
### 16CR69646; A167424

454 P3d 48

Defendant appeals a judgment revoking his probation on two felony counts and imposing consecutive sanctions of 28 months' incarceration and two years of post-prison supervision as to each count. The sentences of incarceration were the product of a plea agreement whereby defendant agreed that, if his probation were to be revoked, he would serve 28-month sentences. Despite that stipulated term of the plea agreement, he now argues that his terms of incarceration are unlawful because they exceed the maximum presumptive prison term that initially could have been imposed under the sentencing guidelines. The state responds that, because defendant stipulated to those terms of incarceration, his claim of error is not reviewable under ORS 138.105(9), which provides that an "appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." *Held*: In *State v. Silsby*, 282 Or App 104, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017), the court held that a stipulation to a sentence upon revocation was not reviewable under the statutory predecessor to ORS 138.105(9), *former* ORS 138.222(2)(d) (2015), *repealed by* Or Laws 2017, ch 529, § 26. Given the textual similarities between ORS 138.105(9) and *former* ORS 138.222(2)(d) (2015), and legislative history indicating that ORS 138.105(9) was intended to restate existing limits on reviewability set forth in former ORS 138.222(2)(d) (2015), defendant's challenge to his stipulated sentence is likewise not reviewable.

Affirmed.

Lisa C. Greif, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Defendant appeals a judgment revoking his probation on two felony counts and imposing consecutive sanctions of 28 months' incarceration and two years of post-prison supervision as to each count. The sentences of incarceration were the product of a plea agreement whereby defendant agreed that, if his probation were to be revoked, he would serve 28-month sentences. Despite that stipulated term of the plea agreement, he now argues that his terms of incarceration are unlawful because they exceed the maximum presumptive prison term that initially could have been imposed under the sentencing guidelines. The state responds that, because defendant stipulated to those terms of incarceration, his claim of error is not reviewable. We agree with the state and affirm.

The judgment on appeal was entered in March 2018 and is therefore governed by ORS 138.105.[1] That statute provides that, "[o]n appeal by a defendant, the appellate court has authority to review the judgment or order being appealed, subject to the provisions of this section." ORS 138.105(1). One of those provisions imposes an express limitation on our ability to review stipulated sentences: "The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." ORS 138.105(9).

Although we have not yet had an opportunity to construe that provision, we interpreted its predecessor, *former* ORS 138.222(2)(d) (2015), *repealed by* Or Laws 2017, ch 529, § 26, in *State v. Silsby*, 282 Or App 104, 108-09, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017). In *Silsby*, the defendant, as part of her plea agreement, stipulated to a sentence of 80 months' incarceration upon revocation, and she later assigned error to that sentence on the ground that it was longer than the 25-26 month sentence authorized by the sentencing guidelines for a probation revocation sentence. *Id.* at 105. The state responded that her claim of error was not reviewable in light of *former* ORS 138.222(2)(d) (2015),

---

[1] ORS 138.105 applies to appeals from judgments entered by the trial court on or after January 1, 2018. Or Laws 2017, ch 529, § 28.

which provided that an appellate court may not review "[a]ny sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record." *Id.*

The defendant in *Silsby* argued that her sentence did not fall within the meaning of *former* ORS 138.222(2)(d) (2015) because it was not a "stipulated sentence" as "illustrated in ORS 135.407." *Id.* at 111-12 (discussing *State v. Kephart*, 320 Or 433, 447, 887 P2d 774 (1994), which held that *former* ORS 138.222(2)(d) (1993) does not bar review of sentences "unless they [are] 'stipulated sentences' as illustrated in ORS 135.407"). In the defendant's view, "ORS 135.407 does not explicitly permit a person to stipulate to a future sentence upon probation revocation" and, moreover, "ORS 135.407 requires a sentence to comport with the guidelines." *Silsby*, 282 Or App at 112. We rejected those arguments and instead held that the defendant's stipulated sentence had the "hallmarks of a sentence 'illustrated in' ORS 135.407. It was imposed pursuant to agreement, it is a specific sentence, and the trial court imposed that agreed-upon specific sentence." *Id.* at 113. Thus, we concluded that "defendant's stipulated sentence is one that is 'illustrated in' ORS 135.407" and "ORS 138.222(2)(d) bars our review of defendant's claim that that agreed-upon sentence is unlawful." *Id.*

In 2017, the legislature repealed *former* ORS 138.222(2)(d) (2015) as part of an overhaul of statutes related to criminal appeals, and it enacted ORS 138.105(9) in its place. The two statutes use an identical phrase—"sentence resulting from a stipulated sentencing agreement"—and there is no indication in the context or history of the statute that the legislature intended to change existing law with regard to the reviewability of stipulated sentences. Rather, the legislative history of the 2017 legislation confirms that ORS 138.105(9) was "intended to restate the limits on reviewability currently set forth in ORS 138.222 (2)(d)." *See* Report of the Direct Criminal Appeals Work Group on SB 896 (2017) (Criminal Appeals Report), Oregon Law Commission, 21. Although the new statute differs from *former* ORS 138.222(2)(d) (2015) in minor ways, the legislative history emphasizes that the new provision was intended

to preclude review of any portion of a sentence that is the product of the parties' stipulation:

> "Subsection (9) is intended to restate the limits on reviewability currently set forth in ORS 138.222(2)(d). It omits the phrase 'which the sentencing court approved on the record,' because the important factor is whether the parties stipulated to the sentence, not whether the trial judge approved the stipulation 'on the record' somewhere other than as reflected in the judgment of conviction and sentence itself. The addition of the phrase 'any part of a' before 'sentence' is not intended to change current law. Rather, the Work Group added the phrase to make explicit the conclusion in *State v. Capri*, 248 Or App 391, 395, 273 P3d 290 (2012), and *State v. Davis*, 134 Or App 310, 314, 895 P2d 1374 (1995), that any portion of a sentence not agreed to between the state and a defendant is reviewable; that is, only those parts of the sentence the defendant and the State stipulated to are not subject to review."

Criminal Appeals Report at 20-21.

On appeal, defendant has not attempted to distinguish *Silsby* or offered any explanation why our reasoning in that case should not carry over to ORS 138.105(9). Given the textual similarities between the two statutes, and the evident legislative intent to restate the existing limits on reviewability set forth in *former* ORS 138.222(2)(d) (2015)—including the limitation on review of stipulated sentences described in *Silsby*[2]—we hold that defendant's challenge to his stipulated sentence upon revocation is not reviewable under ORS 138.105(9).

Affirmed.

---

[2] Although *Silsby* is not mentioned specifically in the section of the Criminal Appeals Report concerning ORS 138.105(9), it is mentioned elsewhere in the report, and the drafters of SB 896 were undoubtedly aware of that case.