Submitted February 2, affirmed March 15, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRUCE MARTIN NEILL,
*Defendant-Appellant.*

Malheur County Circuit Court
18CR61902; A176396

526 P3d 1221

Defendant appeals from a supplemental judgment revoking his probation, contending that the trial court plainly erred in imposing consecutive 60-month revocation sentences on each of his convictions for unlawful use of a weapon with a firearm. *Held*: Because defendant stipulated to the probation-revocation sentence as part of his plea agreement to the original charges, ORS 138.105(9) bars appellate review of his challenge.

Affirmed.

Lung S. Hung, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a supplemental judgment revoking his probation, contending that the trial court plainly erred in imposing sentence upon revocation, because the sentences exceed the maximum allowed under OAR 213-010-0002(2). The state does not dispute defendant's contention on the merits, but responds, among other points, that ORS 138.105(9) bars appellate review of the issue.[1] We agree with the state that, because defendant stipulated to the probation revocation sentence, ORS 138.105(9) precludes our review.

The relevant facts are procedural and undisputed. Defendant was charged with a variety of criminal offenses, including, as relevant here, two counts of unlawful use of a weapon with a firearm (UUW/F), Counts 2 and 8. ORS 166.220; ORS 161.610. He pleaded guilty to those counts, along with two others (menacing and recklessly endangering another person), and the state agreed to dismiss the remaining charges. Pursuant to a plea agreement, defendant and the state stipulated to downward departure sentences of 36 months' probation on each of the UUW/F counts. Defendant also stipulated that, if defendant's probation was revoked, the court would impose consecutive five-year firearm minimum sentences on the UUW/F convictions pursuant to ORS 161.610(4) (setting forth mandatory minimum sentences for felonies having as an element the use or threatened use of a firearm in the commission of the crime). Specifically, the written plea petition provides, "[D]efendant also stipulates that if his probation is revoked the [Department of Corrections (DOC)] time in counts 2 and 8 will be run consecutive. The total DOC time suspended is 120 months." The court approved the plea petition and sentenced defendant to 36 months' probation in accordance with the plea agreement. The court stated, "I would just note for the record that there is a stipulation that if probation is revoked, the sentences for Counts 2 and 8

---

[1] ORS 138.105(9) provides that "[t]he appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant."

will be consecutive for a total suspended sentence of 120 months."

Defendant later violated the terms of his probation, and the court issued a supplemental judgment revoking defendant's probation. Consistent with the plea petition, the court imposed a 60-month revocation sentence on each of the UUW/F convictions, to be served consecutively. As noted, defendant appeals the supplemental judgment, contending that the court plainly erred in imposing sentence, because the sentences exceed the maximum allowed under OAR 213-010-0002(2) upon revocation of probation.

Defendant acknowledges that he stipulated to the sentences as part of his plea agreement to the original charges, but contends that, because his stipulation to future probation-revocation sanctions is not like those stipulations specified in ORS 135.407,[2] and the stipulation did not expressly state that defendant was agreeing to imposition of a sentence that would be unlawful, ORS 138.105(9) does not bar review. Alternatively, he contends that, if ORS 138.105(9) does preclude appellate review, it violates the state and federal constitutions.

With respect to his first argument, defendant recognizes that we rejected similar arguments in *State v. Davis-McCoy*, 300 Or App 326, 454 P3d 48 (2019), in which we held that ORS 138.105(9) barred review of a sentence upon revocation of probation that was stipulated to by the defendant. Consistent with our case law under the prior version of the statute, *former* ORS 138.222(2)(d) (2015), *repealed by* Or Laws

_____

[2] ORS 135.407 describes several ways by which the state and a defendant may stipulate to a sentence subject to the sentencing guidelines; the parties may stipulate to (1) the inclusion, exclusion, or calculation of a conviction or juvenile adjudication for purposes of a defendant's criminal history or its classification, ORS 135.407(1); (2) the grid block classification that provides the presumptive sentence range for the offender, ORS 135.407(2); (3) a specific sentence within the presumptive range for the stipulated offender classification, ORS 135.407(4); and (4) a sentence outside the presumptive sentence range for a stipulated grid block classification, ORS 135.407(5).

Defendant contends that an agreement regarding probation revocation sanctions is not the product of a stipulated sentencing agreement listed in ORS 135.407. Defendant does not raise an argument that ORS 138.105(9) is inapplicable here because an agreement regarding statutory mandatory minimum firearm sentences is not the product of a stipulated sentencing agreement listed in ORS 135.407. We do not reach that latter argument.

2017, ch 529, § 26—which the legislative history indicates the legislature did not intend to change—we held that the stipulated probation revocation sentence was like a sentence "illustrated in" ORS 135.407, and not reviewable under ORS 138.105(9). *Id.* at 329-30. That is, "'[i]t was imposed pursuant to agreement [between the defendant and the state], it [was] a specific sentence, and the trial court imposed that agreed-upon specific sentence.'" *Id.* at 329 (quoting *State v. Silsby*, 282 Or App 104, 113, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017)); *see also State v. Thomas*, 312 Or App 527, 492 P3d 87 (2021), *rev den*, 370 Or 303 (2022) (same).

Defendant contends, however, that the Supreme Court's recent opinion in *State v. Rusen*, 369 Or 677, 509 P3d 628 (2022), holds otherwise. He reads *Rusen* as standing for the proposition that ORS 138.105(9) bars review only when the stipulation is one specifically described in ORS 135.407 and points out that that list does not include stipulations to future probation-revocation sanctions or stipulations to sentences that a court would otherwise lack statutory authority to impose.

We disagree. In *Rusen*, the Supreme Court held that ORS 138.105(9) did not preclude review of the defendant's challenge to the trial court's imposition of consecutive terms of incarceration upon revoking the defendant's probation where the parties had agreed to probation as a departure from the presumptive sentence and the defendant had stipulated that the court *could* impose consecutive terms as sanctions for revocation. *Id.* at 679-80. The court explained that the bar on reviewability "applies only when the parties' agreement is 'a stipulation as to sentencing of a kind described by ORS 135.407.'" *Id.* at 693 (quoting *State v. Kephart*, 320 Or 433, 447, 887 P2d 774 (1994)).

However, the significant factor in *Rusen* was that the defendant had reserved the right to argue against consecutive sentences, not that the stipulation at issue—like the one at issue here—was to a sentence upon future probation revocation and therefore not akin to those described in ORS 135.407. As the court explained, "when the parties merely agree on parameters for how the court *could* decide a sentencing issue, leaving room for the parties to argue

about how the court *should* decide the issue, then, however the court ultimately decides the issue, the parties will not have agreed in advance to *that* sentence." *Id.* at 695 (emphases in original). That is, "the legislature did not intend ORS 138.105(9) to bar review of challenges to 'part of a sentence' when the parties reserved the right to make competing arguments regarding what the court should decide with respect to that part of the sentence." *Id.* at 679 (quoting ORS 138.105(9)). The court concluded that ORS 135.105(9) bars review when the parties "have agreed to a specific sentence, or to a specific component that the court used to calculate the sentence—such as the grid block classification" and then "only of the part of the sentence on which the parties agreed." *Id.* at 695-96.

We also observe that *Rusen* stated in a footnote that it was *not* deciding the issue that defendant presents here:

> "[T]here is no need to determine in this case whether the stipulations identified in ORS 135.407 are illustrative, or definitive, of the type of 'stipulated sentencing agreement' that will bar review, and we decline to resolve that question."

369 Or at 693 n 5. We therefore do not understand *Rusen* to undermine our conclusion in *Davis-McCoy* and *Thomas* that a defendant's stipulation to a sentence upon probation revocation is like those in ORS 135.407.

Unlike in *Rusen*, defendant here stipulated to the precise revocation sentence that was imposed: He agreed that, in the event his probation was revoked, the court *would* impose 60 months' incarceration on each of the UUW/F convictions; he further agreed that those sentences would run consecutively. Accordingly, ORS 138.105(9) bars our review of defendant's challenge.

Finally, defendant's argument that ORS 138.105(9) violates Article VII (Amended), sections 1 and 3, of the Oregon Constitution is precluded by *State v. Colgrove*, 370 Or 474, 498-99, 521 P3d 456 (2022). In addition, as the Supreme Court concluded in *Colgrove*, we similarly conclude that defendant's cited case law and argument do not persuade us that defendant's rights under the Due Process

Clause of the Fourteenth Amendment to the United States Constitution are violated by the fact that ORS 138.105(9) precludes our review of his stipulated probation-revocation sentence. *Id.* at 499-500.

Affirmed.