***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 28, 2022; remanded for resentencing,
otherwise affirmed March 15; petition for review denied July 20, 2023
(371 Or 308)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN DAVID CURENO,
aka Jonathan Cureno,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR10612, 17CR34663, 18CR27806;
A173902 (Control), A173903, A173904

Lorenzo A. Mejia, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals from judgments that revoked his probation in three consolidated criminal cases. For the reasons below, we affirm the judgment but remand for resentencing.

In his first and second assignments of error, defendant claims that the trial court erred when it accepted his waiver of counsel at the two probation hearings prior to his revocation, because the court did not conduct an appropriate colloquy at either hearing to ensure that the waivers were knowing and voluntary. Defendant acknowledges that he did not preserve those claims but asserts that preservation was not required in these circumstances where ORS 138.035 barred appellate review of the orders that continued his probation and where he alleges a violation of the right to counsel.

We do not decide the preservation issue in this case. Assuming both that preservation is not required, and that defendant could raise an independent challenge to those prior sanctions in this appeal, any such claim is moot because defendant has long since served the sanctions. *See, e.g.*, *State v. Morter*, 319 Or App 454, 508 P3d 598 (2022) (dismissing appeal from probation-violation judgment that was mooted by completion of sentence). This is not the kind of case in which we would exercise our discretion under ORS 14.175 to consider the moot issue.

To the extent that defendant's claim is focused on the trial court's alleged use of the probation violations in the revocation hearing, defendant was not prejudiced by any error. *See State v. Dowty*, 299 Or App 762, 774-75, 452 P3d 983 (2019), *rev den,* 366 Or 259 (2020) (holding that the court will "affirm a judgment revoking probation if we can determine that the defendant was not prejudiced by that error" and recognizing that the standard for prejudicial error in the probation context is equivalent to that of harmless error in the trial context). The state presented unrebutted evidence of three criminal convictions as a basis for revoking defendant's probation. There is thus little, if any, likelihood that excluding defendant's prior sanctions for failure to report to his probation officer would have affected the trial

court's decision to revoke probation and impose the stipulated 48-month sentence. *See, e.g.*, *Dowty*, 299 Or App at 777 ("In short, there was overwhelming evidence of defendant's failure to comply with his treatment rules—without considering defendant's inculpatory statements—and there is little likelihood that suppression of those statements would have assisted defendant."); *State v. Johnson*, 300 Or App 212, 214, 452 P3d 1080 (2019) (where the court found that in light of other strong evidence, there was "little likelihood that the erroneously admitted evidence affected the court's contempt determination or its probation-violation determination").

ORS 138.105(9) bars our review of defendant's third assignment of error which challenges the court's imposition of the stipulated sentence after revocation. *State v. Davis-McCoy*, 300 Or App 326, 329-30, 454 P3d 48 (2019). Moreover, ORS 138.105(9) does not violate the Oregon State Constitution or the United States Constitution. *State v. Colgrove*, 370 Or 474, 498-500, 521 P3d 456 (2022).

Finally, defendant asserts that the trial court erred in sentencing him to 24 months of post-prison supervision. The state concedes the error, and we accept the concession. Although the 48 months in prison was part of the stipulated sentence, the determinate sentence of two years of post-prison supervision was not. The stipulated sentence provided for *up to* two years of post-prison supervision, with a total sentence not to exceed the statutory maximum of five years. ORS 163.160(3). Because the sentence did not follow the stipulation and was longer than the statutory maximum, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.