***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 21, affirmed September 13, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID ANDREW ROBERTS,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR36746; A177812

Susie L. Norby, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Armstrong, Senior Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant, who pleaded guilty to stalking, unlawful use of a weapon, and interception of communications and was sentenced pursuant to a plea agreement, asserts that the trial court plainly erred in imposing the sentence to which he stipulated. He argues that his three-year post-prison supervision term, when added to the 45-month sentence of imprisonment on the stalking conviction, exceeded the maximum indeterminate sentence for that offense, in violation of OAR 213-005-0002(4). It is undisputed that defendant's plea agreement specifically stipulated to both that prison sentence and that post-prison supervision term. Defendant's assignment of error is not reviewable. *See* ORS 138.105(9) ("The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant."); *State v. Davis-McCoy*, 300 Or App 326, 329-30, 454 P3d 48 (2019) (ORS 138.105(9) bars review of any portion of a sentence imposed pursuant to a stipulation).

Affirmed.