166 September 18, 2024 No. 667

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER RYAN HOPPE,
*Defendant-Appellant.*

Grant County Circuit Court
22CR25025, 22CR04402, 21CR34397;
A179469 (Control), A179470, A179471

Robert S. Raschio, Judge.

Submitted July 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services/Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

In this consolidated criminal appeal, defendant raises three assignments of error, arguing that the trial court plainly erred in imposing sentences after revoking his probation and diversion. In Case No. 21CR34397, the trial court sentenced defendant to six months in prison for a felony conviction and to a consecutive term of six months in jail for a misdemeanor conviction. In Case No. 22CR04402, the trial court sentenced defendant to a consecutive term of six months in prison for another felony conviction.

The record shows that defendant understood and agreed that, if he failed to complete the conditions of treatment court and probation, he would face a sentence totaling 18 months. The trial court imposed that sentence after finding defendant guilty of additional offenses in Case No. 22CR25025. Because defendant agreed to the sentence, we cannot review his arguments that the trial court plainly erred in imposing it. *See* ORS 138.105(9) ("The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant."); *see also State v. Neill*, 324 Or App 608, 609, 526 P3d 1221, *rev den*, 371 Or 477 (2023) ("because defendant stipulated to the probation revocation sentence, ORS 138.105(9) precludes our review").

Affirmed.