444 March 5, 2025 No. 184

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS CHARLES HAGGARD, JR.,
aka Douglas Charles Haggard,
*Defendant-Appellant.*

Union County Circuit Court
18CR75476; A180718

Thomas B. Powers, Judge.

Submitted January 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment revoking probation and sentencing him to 120 months in prison and three years of post-prison supervision (PPS). In two assignments of error, he argues that the trial court erred in imposing the prison term, to which he stipulated, and plainly erred in imposing the PPS term, to which he claims not to have stipulated. We conclude that the first issue is unreviewable. As for the second issue, either it is unreviewable, or the error is not plain. Accordingly, we affirm.

Defendant was charged with 11 offenses in this case and two offenses in another case. Pursuant to a plea deal, he pleaded guilty in this case to felon in possession of a firearm (Count 1), unlawful possession of marijuana item—commercial drug offense (Count 9), and unlawful possession of methamphetamine—commercial drug offense (Count 11), and he pleaded guilty in the other case to aggravated first-degree theft. The state dismissed the remaining charges. The parties stipulated as follows regarding sentencing: discharge on Counts 1 and 9 in this case; 60 months of supervised probation on Count 11 in this case, with 120 months in prison if revoked, based on a stipulated grid block classification of 10B; and discharge on the aggravated theft count. The trial court accepted defendant's pleas, imposed 60 months of supervised probation, and imposed a suspended sentence of 120 months in prison if probation was revoked.

Defendant's probation was subsequently revoked, and the court sentenced him to 120 months in prison and three years of PPS. Defendant moved to amend the judgment, arguing that the court exceeded its authority by imposing a 120-month sentence on Count 11, when a Class C felony carries a maximum sentence of 60 months under ORS 161.605(3). The court ultimately denied that motion. Defendant reprises his argument on appeal, as well as making a new argument as to the three-year PPS period.

We conclude that defendant's first assignment of error, regarding his prison sentence, is unreviewable. We have "no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state

and the defendant." ORS 138.105(9). Defendant acknowl-edges that we have previously held claims similar to his to be unreviewable. *See, e.g.*, *State v. Neill*, 324 Or App 608, 609, 526 P3d 1221, *rev den*, 371 Or 477 (2023) (claim that stipu-lated revocation sentence exceeded the maximum allowed sentence was unreviewable under ORS 138.105(9)); *State v. Valenti*, 317 Or App 656, 657, 504 P3d 1289 (2022) (challenge to 60-month stipulated sentence was unreviewable); *State v. Davis-McCoy*, 300 Or App 326, 330, 454 P3d 48 (2019) (challenge to stipulated revocation sentence was unreview-able). He argues, however, that ORS 138.105(9) does not apply because he did not expressly stipulate to receiving an unlawful sentence. We rejected that argument in *Neill*, 324 Or App at 611-12, including related constitutional chal-lenges, and do so again here. *See also State v. Colgrove*, 370 Or 474, 498-99, 521 P3d 456 (2022) (rejecting similar consti-tutional challenges to ORS 138.105(5)). The first assignment of error is unreviewable.

In his second assignment, defendant argues that the trial court plainly erred by imposing three years of PPS, because he did not stipulate to any PPS and the addition of the PPS term caused his total sentence on Count 11 to exceed the maximum allowable sentence by an extra three years. The state takes the position that defendant effectively stipulated to three years of PPS by stipulating to a 10B grid block classification.

Although neither party points it out on appeal, there is inconsistent information in the record regarding PPS as part of the agreed revocation sentence. On the one hand, significantly, the plea petition expressly states that defen-dant is stipulating to grid block 10B, that the presumptive sentence is 116 to 120 months in prison, and *that PPS is three years*, while also acknowledging that the maximum sentence is five years.

Count # _11_ : Unlawful Possession Methamphetamine – Commercial DO Class C Felony, Grid Block: 10B (stipulation)
Presumptive Sentence: 116-120 months DOC_____, Post-Prison Supervision: _3 years_, Maximum Sentence: _5 Years_ ,
Maximum Fine: _$125,000_____ , Minimum Sentence: _____, Mandatory Fine: _$1,000_____ .

On the other hand, the offer letter attached to the plea peti-tion, which is identified as reciting the agreed sentencing

recommendation, does not mention PPS. Given its level of detail, the omission seems intentional. Moreover, the sole reference to grid block 10B does not sound like a stipulation to PPS, given its location in the letter, as well as its phrasing: "Defendant will stipulate to the 10B grid block (120 months). This prison time will be suspended over his head." Also, no one mentioned PPS at the plea hearing, and PPS is not mentioned in the pre-revocation judgment of conviction. The original and amended pre-revocation judgments state, in relevant part, as to the revocation sentence on Count 11: "Gridblock stipulated by the parties. If revoked in [*sic*] defendant will serve 120 months in DOC. The state would stipulate to AIP."

The ambiguity regarding PPS is fatal to defendant's second assignment of error. If defendant did stipulate to three years of PPS, then his claim of error is unreviewable, for the reasons already discussed. Conversely, if the record is unclear on whether he stipulated, then any error is not "plain." An error is "plain" only when it is an error of law, the legal point is obvious and not reasonably in dispute, and *the error is apparent on the record without our having to choose among competing inferences. State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Either way, defendant cannot prevail on his second assignment of error.

Affirmed.