716 May 29, 2025 No. 459

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER DREW LICENCE,
*Defendant-Appellant.*

Jefferson County Circuit Court
22CR19937; A181391

Annette C. Hillman, Judge.

Submitted April 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of three counts of first-degree rape, ORS 163.375 (Counts 1, 2, 3); three counts of first-degree sodomy, ORS 163.405 (Counts 4, 5, 7); first-degree unlawful sexual penetration, ORS 163.411 (Count 6); and first-degree sexual abuse, ORS 163.427 (Count 8). He received a total prison sentence of 600 months, comprised of seven 300-month sentences and one 75-month sentence, with one of the 300-month sentences being run consecutively. On appeal, defendant challenges both his individual sentences and his aggregate sentence as unconstitutionally disproportionate. For the reasons explained below, we affirm.

## FACTS

Defendant's convictions arise from his longstanding sexual abuse of K, beginning when she was six years old. K disclosed the abuse when she was 10 years old. That led to defendant being indicted on the eight counts described above. Defendant pleaded guilty to all charges. With respect to sentencing, defendant's plea agreement states, "Not pursuant to offer. Open sentencing." However, at the sentencing hearing, defense counsel represented to the court that the parties had "agreed upon the range of sentence that we will each argue to the Court, understanding that the Court is always free to do as the Court pleases." The state then argued for a 600-month sentence, noting that the parties had agreed "that the State would cap its recommendation at 600 months." Defendant argued for a 300-month sentence, which was consistent with his sentencing memorandum, in which he asked the court to sentence him "to the minimum, 25 years."

The trial court followed the state's recommendation. It imposed a 300-month sentence for each of Counts 1 through 7 and a 75-month sentence for Count 8, and it ordered the sentence on Count 2 to run consecutively to the sentence on Count 1, resulting in an aggregate sentence of 600 months in prison.

## INDIVIDUAL SENTENCES

In his first seven assignments of error, as to each of Counts 1 through 7, defendant argues that his 300-month

sentence is unconstitutionally disproportionate in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. The state responds that the claims of error are unreviewable under ORS 138.105(9) or, alternatively, that defendant invited the error.

Regarding reviewability, under ORS 138.105(9), we have "no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." The hallmarks of a stipulated sentence are that "'[i]t was imposed pursuant to agreement, it is a specific sentence, and the trial court imposed that agreed-upon specific sentence.'" *State v. Davis-McCoy*, 300 Or App 326, 329, 454 P3d 48 (2019) (quoting *State v. Silsby*, 282 Or App 104, 113, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017), which addressed ORS 135.407, and extending its reasoning to ORS 138.105(9)).

We are unpersuaded that those requirements are met here. The parties did not agree to a "specific sentence" that the trial court then imposed. Rather, the parties agreed to confine their sentencing arguments to a particular range—the state agreed to recommend a sentence no greater than 600 months (allowing it to argue for any sentence up to that cap), while allowing defendant to argue for 300 months. That is not a stipulated sentence within the meaning of ORS 138.105(9) as we understand it. As the Supreme Court recently explained in a case involving an alleged stipulated sentence under ORS 135.407:

> "When a trial court accepts the parties' stipulation to a specific sentence, or to a specific grid block that the court should use to calculate a sentence, it is resolving that sentencing issue exactly how the parties have agreed the court should resolve that issue, and the legislature has determined that there is no role for judicial review of that agreed-upon part of the sentence. But when the parties merely agree on parameters for how the court *could* decide a sentencing issue, leaving room for the parties to argue about how the court *should* decide the issue, then, however the court ultimately decides the issue, the parties will not have agreed in advance to *that* sentence."

*State v. Rusen*, 369 Or 677, 695, 509 P3d 628 (2022) (emphases in original); *see also Davis-McCoy*, 300 Or App at 329-30 (treating the reasoning of a case under ORS 135.407 as carrying over to a case under ORS 138.105(9)).

We next consider whether defendant invited the alleged error as to his individual sentences. Under the invited-error doctrine, "a party who 'was actively instrumental in bringing about' an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (quoting *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904)). Here, defendant asked the trial court to impose a 300-month sentence on each of Counts 1 through 7. The court did so. The invited-error doctrine therefore precludes defendant from now claiming on appeal that it was error to impose a 300-month sentence on each of those counts. Accordingly, we reject defendant's arguments regarding the constitutionality of his individual sentences.[1]

Of course, defendant did *not* invite the trial court to run the sentence on Count 2 consecutively to that on Count 1—he argued for concurrent sentencing—so the invited-error doctrine does not preclude him from challenging his aggregate sentence. As to his individual sentences, however, any error was invited, so we reject the first seven assignments of error.

## AGGREGATE SENTENCE

In his eighth assignment of error, defendant challenges his aggregate 600-month sentence as unconstitutionally disproportionate under Article I, section 16, and the Eighth Amendment. Defendant acknowledges that he "did not specifically argue [to the trial court] that a 600-month aggregate sentence was unconstitutionally disproportionate" or "cite the constitution" in his sentencing arguments. He contends, however, that he preserved an

---

[1] It bears noting that, although defendant has assigned error to seven of his eight individual sentences, his arguments on appeal are largely directed to his aggregate sentence, and he has presented a combined argument on all eight assignments of error, rather than presenting tailored arguments as to each individual sentence.

as-applied disproportionality claim by arguing to the trial court that a 600-month sentence would be "essentially a life sentence" and that childhood brain trauma affected his decision-making. Defendant alternatively requests plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (we have discretionary authority to correct "plain" errors).

We agree with the state that defendant did not preserve any constitutional challenge to his 600-month aggregate sentence. Defendant certainly tried to persuade the trial court to impose a 300-month aggregate sentence instead of following the state's 600-month recommendation. Pointing to defendant's childhood brain trauma and its effects on his functioning and judgment, defense counsel argued that defendant "should not spend the rest of his life in prison" and that "300 months is sufficient to keep the community safe and to teach my client a lesson of children cannot consent to sexual contact." But defendant never claimed that imposing a sentence greater than 300 months would be *unconstitutional*. That issue is unpreserved. *See State v. Simonsen*, 329 Or 288, 296, 986 P2d 566 (1999), *cert den*, 528 US 1090 (2000) ("Although defendant bases many of his arguments before this court upon the state and federal constitutions, he made no constitutional arguments to the trial court. Thus, those arguments were not preserved for appeal."); *State v. Le*, 327 Or App 129, 138 & n 5, 534 P3d 1097, *rev den*, 371 Or 715 (2023) (addressing the defendant's claims of unconstitutional disproportionality under Article 1, section 16, but determining that he had not preserved his claims under the Eighth Amendment, as those claims were raised for the first time on appeal).

Accordingly, we proceed to plain-error review, as defendant has requested. "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Imposing an unconstitutionally disproportionate sentence is a legal error, under both Article I, section 16, and the Eighth Amendment, so

the alleged error is one of law. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017) ("We review for legal error the trial court's conclusion that defendant's sentence was constitutional under Article I, section 16."); *State v. Hurtado*, 335 Or App 560, 572, 558 P3d 1267 (2024), r*ev den*, 373 Or 305 (2025) (using same standard of review for state and federal disproportionality claims). The alleged error is also apparent on the record without having to choose among competing inferences. The question is whether it is obvious and not reasonably in dispute that defendant's aggregate sentence is unconstitutional.

We begin with defendant's claim of unconstitutionality under Article I, section 16. Under existing precedent, disproportionality challenges under Article I, section 16, are limited to *individual* sentences. *See State v. Horner*, 306 Or App 402, 403-04, 474 P3d 394 (2020), *modified on recons on other grounds*, 309 Or App 136, 481 P3d 442 (2021) (rejecting a constitutional challenge to a 342-month aggregate sentence for 26 crimes, because "disproportionality challenges with respect to aggregate sentences imposed on convictions for multiple counts are not cognizable under Article I, section 16"); *Real v. Nooth*, 268 Or App 747, 756, 344 P3d 33, *rev den*, 357 Or 550 (2015) (refusing to review a 240-month aggregate sentence for disproportionality under Article I, section 16, and instead examining only the individual 120-month sentences); *State v. Parker*, 259 Or App 547, 549, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014) (concluding, after a brief survey of the case law, that it was "not appropriate" to consider the defendant's "aggregate or cumulative sentence" in assessing disproportionality under Article I, section 16).

Defendant suggests that there is an inconsistency in the case law, pointing to four opinions that he reads as reviewing aggregate sentences for disproportionality under Article 1, section 16. An inconsistency in the case law would not aid defendant on plain-error review, but, in any event, we disagree with his reading of those cases. In *State v. Wheeler*, 343 Or 652, 677-80, 175 P3d 438 (2007), the defendant received 18 consecutive true-life sentences, and we understand the Supreme Court to have analyzed the proportionality of the sentences individually, not in the

aggregate. Similarly, in *State v. Teague*, 215 Or 609, 611, 336 P2d 338 (1959), the defendant received a 12-year sentence for forgery and a consecutive three-year sentence for uttering and publishing a forged check, and nothing in the opinion suggests that the Supreme Court considered anything but the individual sentences in rejecting the defendant's disproportionality claims. Finally, in *State v. Kinkel*, 184 Or App 277, 290-91, 56 P3d 463, *rev den*, 335 Or 142 (2002), and *State v. Baker*, 233 Or App 536, 540-43, 226 P3d 125, *rev den*, 348 Or 414 (2010), we rejected the defendants' Article I, section 16, challenges to their aggregate sentences using reasoning that focused on their individual sentences, so it is of little consequence that we did not feel the need to address in those cases the general viability of challenging an aggregate sentence under Article I, section 16.

Because existing case law forecloses defendant's argument under Article 1, section 16, any error is necessarily not obvious, from which it follows that it is not plain. *Vanornum*, 354 Or at 629. And, to the extent that defendant invites us to overturn our existing case law, we decline to entertain that argument in a plain-error posture. We acknowledge that we have never done a fulsome analysis of Article I, section 16, with respect to whether an aggregate sentence can be unconstitutionally disproportionate even if the individual sentences comprising it are not. Whatever room there may be for further analysis, however, it is ill-suited to being done on plain-error review.

We next consider defendant's claim of unconstitutionality under the Eighth Amendment. It is an open question whether an aggregate sentence can be challenged under the Eighth Amendment, insofar as "[t]here is no clearly established law from the [United States] Supreme Court on whether Eighth Amendment sentence proportionality must be analyzed on a cumulative or individual basis when a defendant is sentenced on multiple offenses." *Patsalis v. Shinn*, 47 F4th 1092, 1101 (9th Cir 2022), *cert den*, ___ US ___, 144 S Ct 107 (2023). However, most, if not all, lower courts to consider the issue have concluded that the Eighth Amendment analysis is limited to individual sentences. *See, e.g.*, *Pearson v. Ramos*, 237 F3d 881, 886 (7th

Cir 2001) ("Every disciplinary sanction, like every sentence, must be treated separately, not cumulatively, for purposes of determining whether it is cruel and unusual."); *U.S. v. Aiello*, 864 F2d 257, 265 (2d Cir 1988) ("Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence."); *Patsalis v. Atty Gen of Ariz,* 480 F Supp 3d 937, 956 (D Ariz 2020), *aff'd*, 47 F4th 1092 (9th Cir 2022), *cert den*, ___ US ___, 144 S Ct 107 (2023) ("This Court has found no court which has held that Petitioner in this case (a non-juvenile who received non-mandatory consecutive sentences) is entitled to have a proportionality analysis applied to his sentence as a whole."); *State v. Becker*, 304 Neb 693, 704, 936 NW 2d 505 (Neb 2019) (collecting cases, and explaining that both federal and state courts have held that the focus of the Eighth Amendment inquiry "should be on the individual sentence rather than the aggregate of sentences").

Given that it is, at best, an open question whether an aggregate sentence can be challenged under the Eighth Amendment, it would be impossible for us to say that defendant's aggregate 600-month prison plainly violates the Eighth Amendment. It is not obvious that *any* aggregate sentence imposed on an adult offender[2] for multiple crimes could violate the Eighth Amendment, so it cannot be obvious that defendant's does, without even getting into the specifics of this case. We therefore reject defendant's Eighth Amendment argument on plain-error review.

Affirmed.

---

[2] In *Kinkel v. Persson*, 363 Or 1, 30-31, 417 P3d 401 (2018), *cert den*, 586 US 1077 (2019), the Oregon Supreme Court held that a juvenile offender's aggregate sentence did not violate the Eighth Amendment. It is unclear whether the court intended to implicitly hold that an aggregate sentence can be unconstitutionally disproportionate under the Eighth Amendment even if the individual sentences are not—an issue that *Kinkel* does not analyze—or whether the court was simply assuming that without deciding it, in a case where it did not affect the result because the aggregate sentence was deemed constitutional in any event. Given the distinct line of Eighth Amendment case law relating to juvenile offenders on which *Kinkel* relies, and the specific way in which the court framed its analysis in *Kinkel*, we do not view *Kinkel* as affecting our conclusion that it is not obvious that an aggregate sentence can be challenged under the Eighth Amendment, particularly for an adult offender. At most, *Kinkel* may contribute to the openness of the question.