266 November 26, 2025 No. 1025

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VANCE LEE STEARNS,
*Defendant-Appellant.*

Lane County Circuit Court
20CR07491, 20CR37532;
A185495 (Control), A185496

Kamala H. Shugar, Judge.

Submitted October 10, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Section B of the brief was prepared by appellant.

Jennifer S. Lloyd, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this consolidated case, defendant appeals judgments revoking probation in two cases. In Case No. 20CR37532, the court revoked probation and imposed a sentence of 18 months' imprisonment. In Case No. 20CR07491, the court revoked probation and imposed a sentence of 90 days in jail. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B, *see* ORAP 5.90(1)(b), in which defendant argues that he is "[h]ere on false charges"; that his plea agreements provided for bench probation rather than formal probation; that having made a payment of restitution shows that he did not fail to report; and that he is falsely imprisoned. None of defendant's arguments presents a basis for relief on direct appeal. We affirm.[1]

Having reviewed the record, including the trial court files, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, we have identified no arguably meritorious issues in either case. *See* ORS 138.105; *State v. Neill*, 324 Or App 608, 609, 526 P3d 1221, *rev den*, 371 Or 477 (2023) ("because defendant stipulated to the probation revocation sentence, ORS 138.105(9) precludes our review").

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.