No. 50 January 28, 2026 737

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROY WAYNE JENKINS,
*Defendant-Appellant.*

Linn County Circuit Court
23CR38753; A183639

Brendan J. Kane, Judge.

Submitted December 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne K. Munsey, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant. Roy W. Jenkins II filed the supplemental briefs *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of two counts of first-degree sexual abuse, ORS 163.427 (Counts 1 and 2), and one count of second-degree sodomy, ORS 163.395 (Count 5), for conduct against a nine-year-old child. The convictions were entered pursuant to a plea agreement under which defendant pleaded no contest to those charges in exchange for 10 other charges being dismissed. Defendant was sentenced to 75 months in prison on each count—the mandatory minimums under ORS 137.700(2)(a)(N) and (Q)—with the sentences on Counts 1 and 2 running consecutively and the sentence on Count 5 running partially consecutively. On appeal, in four counseled assignments of error, defendant challenges each individual sentence and the 192-month aggregate sentence as unconstitutionally disproportionate. Defendant also presents two *pro se* supplemental assignments of error. As explained below, we affirm.

*Reviewability (Sentencing).* The first issue that we must consider is the reviewability of the counseled assignments of error, all of which pertain to sentencing. As part of his plea agreement, defendant stipulated to the exact prison sentence that he received: a total of 192 months, consisting of consecutive 75-month sentences on Counts 1 and 2 and a partially consecutive 75-month sentence on Count 5. The plea agreement expressly states that defendant "stipulate[s]" to the "sentence recommendation" and is "asking the Court" to impose that sentence. At the hearing, both parties asked the court to impose the agreed sentence, which defense counsel described as "a joint recommendation, highly negotiated." The only thing the court did that varied from the written plea agreement pertained to the grid block for Count 5. The parties stipulated in writing to grid block 8A but, at the hearing, agreed that it should be 8H—a correction in defendant's favor that had no practical effect on his sentence.

Under ORS 138.105(9), we cannot review "any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." Defendant addresses reviewability only briefly, in a footnote, asserting that this was not a "stipulated sentencing agreement"

under ORS 138.105(9) because it was a "recommendation" and because of the grid block change. Neither of those arguments is persuasive. Defendant agreed and stipulated to the sentence imposed, and referring to the agreement as a "recommendation" or "joint recommendation" does not change that fact. As for correcting the grid block on Count 5 to accurately reflect defendant's criminal history, it was the parties who requested and agreed to that correction.

The state maintains that defendant's sentence is unreviewable. It argues that defendant and the state agreed to a specific sentence, which the trial court then imposed, making for a stipulated sentencing agreement. *See State v. Davis-McCoy*, 300 Or App 326, 329, 454 P3d 48 (2019) (discussing stipulated sentencing agreements). The state does not address the fact that all of defendant's sentences are 75-month mandatory minimums under ORS 137.700, rather than grid block sentences, as relevant to the application of ORS 135.407. The state also does not address *State v. Rusen*, 369 Or 677, 693, 509 P3d 628 (2022), the most recent Supreme Court decision on stipulated sentencing agreements—a case that defendant cites without discussion in his footnote.

Rather than address an underbriefed issue, we choose to assume *arguendo* that defendant's sentences are reviewable, because we would ultimately reject defendant's sentencing challenges in any event. We therefore proceed to the merits.

*Individual Sentences.* In his first three assignments of error, defendant argues that each of his 75-month sentences violates the proportionality requirements of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. Defendant did not challenge the constitutionality of the sentences in the trial court—to the contrary, he urged the court to impose them—so he requests plain-error review.[1] An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1).

inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is a question of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

The state argues that any error is not plain and that, in any event, defendant invited the alleged error by agreeing to the sentences and requesting their imposition. We agree with the state. "Under the invited-error doctrine, a party who 'was actively instrumental in bringing about' an alleged error 'cannot be heard to complain, and the cause ought not to be reversed because of it.'" *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (quoting *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904)). "The doctrine is generally applicable when a party has invited the trial court to rule in a particular way under circumstances that suggest that the party will be bound by the ruling or will not later seek a reversal on the basis of that ruling." *Id*. Here, defendant expressly asked the court to impose the very sentences of which he now complains. He thus invited any error. Moreover, any error is not plain, as the sentences are not obviously unconstitutionally disproportionate on this record. Finally, even if there were plain error, we would not exercise our discretion to correct it, *see State v. Ortiz*, 372 Or 658, 672, 554 P3d 796 (2024) (it is discretionary whether to correct a plain error), given that defendant agreed to the sentences as part of a larger plea agreement that resulted in the dismissal of 10 other charges.

Accordingly, we reject defendant's first three assignments of error that challenge his individual sentences on Counts 1, 2, and 5.

*Aggregate Sentence.* Defendant next challenges his 192-month aggregate sentence as disproportionate under Article I, section 16, and the Eighth Amendment. He again requests plain-error review. We conclude that any error is not plain.

Defendant's state constitutional argument fails because, "[u]nder existing precedent, disproportionality challenges under Article I, section 16, are limited to *individual* sentences." *State v. Licence*, 340 Or App 716, 721, 572

P3d 1100, *rev den*, 374 Or 421 (2025) (emphasis in original). "Because existing case law forecloses defendant's argument under Article I, section 16, any error is necessarily not obvious, from which it follows that it is not plain." *Id*. at 722.

As for the federal argument, "[i]t is an open question whether an aggregate sentence can be challenged under the Eighth Amendment, insofar as there is no clearly established law from the United States Supreme Court" on that issue, although "most, if not all, lower courts to consider the issue have concluded that the Eighth Amendment analysis is limited to individual sentences." *Id*. (internal quotation marks and brackets omitted). It follows that any Eighth Amendment violation is not "obvious" for purposes of plain-error review:

> "Given that it is, at best, an open question whether an aggregate sentence can be challenged under the Eighth Amendment, it would be impossible for us to say that defendant's aggregate * * * prison sentence plainly violates the Eighth Amendment. It is not obvious that *any* aggregate sentence imposed on an adult offender for multiple crimes could violate the Eighth Amendment, so it cannot be obvious that defendant's does, without even getting into the specifics of this case."

*Id*. at 723 (footnote omitted; emphasis in original).

We therefore reject defendant's fourth assignment of error challenging his aggregate sentence.

*Pro Se Arguments*. In two *pro se* supplemental assignment of errors, defendant contends that he "did not abuse" the child (first supplemental assignment of error) and that "really they did not care about my mental states SSI/SSA" (second supplemental assignment of error). Defendant asks for "full dismissal." Defendant has not identified specific rulings for review, in contravention of ORAP 5.45, but his *pro se* claims of error ultimately challenge the validity of his convictions. Because defendant pleaded no contest, such claims of error are unreviewable by this court. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest," with two narrow exceptions not applicable here.);

*State v. Colgrove*, 370 Or 474, 497, 521 P3d 456 (2022) (ORS 138.105(5) "preclude[s] a defendant who has pleaded guilty or no contest from obtaining appellate review of legal challenges to the conviction in the judgment entered in the trial court"). Furthermore, even if they were reviewable, defendant has not identified any reversible error by the trial court. We reject the *pro se* supplemental assignment of errors and affirm the judgment on appeal.

Affirmed.