No. 543 June 10, 2026 579

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN JOHN DYAL,
*Defendant-Appellant.*

Clackamas County Circuit Court
24CR28267; A184902

Ann M. Lininger, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul Smith, Interim Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for strangulation constituting domestic violence (ORS 163.187) and tampering with a witness (ORS 162.285). In his first assignment of error, defendant challenges a special condition of probation that requires defendant to submit to a search of his telephone records when "deemed necessary by the probation officer." In his second assignment of error, defendant challenges a special condition of probation that requires defendant to allow his probation officer to conduct a warrantless search of his "person, residence, vehicle or property, including computers and cell phones" anytime the "probation officer has reasonable grounds to believe that such a search will reveal evidence" of a probation violation. In both assignments of error, defendant concedes that he did not preserve his challenges but argues that the conditions are plainly erroneous because they go beyond the scope of probation conditions that are permitted by the legislature.

In response, the state argues, in the alternative, that defendant's assignments of error are unreviewable, that defendant invited any error, and that this court should decline to exercise its discretion to correct any plain error. We agree with the state's position that defendant's assignments of error are not reviewable because the challenged conditions were part of a stipulated sentencing agreement. Accordingly, we affirm.

Under ORS 138.105(9), this court "has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." Here, defendant and the state reached an agreement to resolve the pending charges. Defendant agreed to plead guilty to strangulation and tampering with a witness, and the state agreed to dismiss the other five charges in the indictment. The parties also agreed to a probationary sentence for each count of conviction. The written plea agreement included an agreement to the "Domestic Violence Package"—a list of probation conditions that includes the ones challenged on appeal. At sentencing, the parties offered the plea agreement to the trial court, and both parties asked the court to follow that recommendation. The

trial court specifically confirmed that defendant agreed to the Domestic Violence Package, indicated that it would "follow the negotiated resolution," and then imposed sentence in accordance with the written plea agreement. Thus, defendant's entire sentence, including the challenged probation conditions, resulted from a stipulated sentencing agreement. Under ORS 138.105(9), his challenges are unreviewable. *See State v. Rusen*, 369 Or 677, 695-96, 509 P3d 628 (2022) (holding that "there is no role for judicial review" of an "agreed-upon part" of a sentence).

Defendant's argument that the stipulation that resolved his case is not the kind of stipulation referred to in ORS 138.105(9) is foreclosed by *State v. Davis-McCoy*, 300 Or App 326, 329-30, 454 P3d 48 (2019).

Affirmed.